IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION 06-0342-WS** |
| | ) | |
| **TONY O'NEAL LLOYD,** | ) | **CRIMINAL NO. 04-0069-WS** |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on petitioner Tony O'Neal Lloyd's Motion for Certificate of Appealability, construed from his Notice of Appeal (doc. 49).

**I.     Background.**

Following a guilty plea to the charge of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), petitioner Tony O'Neal Lloyd was sentenced to a term of imprisonment of 120 months, the statutory maximum for said offense. In reaching that sentence, the undersigned determined that the advisory guidelines range was 151 to 188 months, using an adjusted offense level of 31 by means of a cross reference to U.S.S.G. § 2A4.1, which sets a base offense level of 32 for offenses of kidnaping, abduction or unlawful restraint, plus a two-level enhancement for use of a dangerous weapon, with a three-level reduction for acceptance of responsibility. After an unsuccessful direct appeal, Lloyd filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. 39), contending that his sentence was unconstitutional because his counsel failed to object to the guidelines calculation using the cross reference, and because his sentence should be reconsidered based on post-sentencing rehabilitation.

On April 25, 2007, the undersigned entered an Order (doc. 47) denying the § 2255 Petition. *See United States v. Lloyd*, --- F. Supp.2d ----, 2007 WL 1219399 (S.D. Ala. Apr. 25, 2007). That Order concluded that Lloyd's ineffective assistance claim was meritless because there was substantial unrebutted testimony at the sentencing hearing that, on the date in question, Lloyd had held the victim at gunpoint inside a residence, beaten her, threatened to kill her,

caused her to feel that she was not free to leave, and released her only after negotiations with law enforcement officers who had established a perimeter at the scene. On this record, the Order explained, it would have been futile for counsel to maintain that Lloyd's conduct did not rise to the level of "unlawful restraint" for purposes of the § 2A4.1 cross reference. The Order specifically found that these circumstances satisfy neither the deficient performance nor the prejudice prongs of the *Strickland* standard for constitutionally ineffective counsel. The April 25 Order also rejected Lloyd's request for modification of his sentence predicated on post-sentencing rehabilitation, reasoning that this was not a proper basis for relief under § 2255 and cannot support a request for reduction in sentence under 18 U.S.C. § 3582(c), either. For these reasons, Lloyd's § 2255 petition was denied in its entirety, without an evidentiary hearing.

On June 1, 2007, Lloyd filed his Notice of Appeal (doc. 49) from the April 25 Order. This Notice of Appeal is devoid of any indication of the basis for Lloyd's appeal and fails to specify any grounds on which he believes that April 25 Order was erroneous.

**II.    Motion for Certificate of Appealability.**

Lloyd's appeal is governed by 28 U.S.C. § 2253(c)(1)(B), which provides in pertinent part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." *Id.* Thus, a COA is ordinarily a jurisdictional prerequisite to an appeal in a collateral proceeding attacking a federal conviction. *Pagan v. United States*, 353 F.3d 1343, 1344-45 (11th Cir. 2003). Indeed, "[t]he certificate of appealability is a threshold or gateway requirement which serves to filter out from the appellate process cases in which the possibility of reversal is too unlikely to justify the cost to the system of a full appellate examination." *Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253, 1264 (11th Cir. 2004). Although petitioner did not file a separate request for COA, the Eleventh Circuit has explained that "[d]istrict courts must treat notices of appeal filed by petitioners following a denial of either a section 2254 or a section 2255 petition as applications for COAs." *Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997); *see also United States v. Youngblood*, 116 F.3d 1113, 114-15 (5th Cir. 1997). For that reason, the Court will construe Lloyd's Notice of Appeal as including an implicit request for issuance of a COA.

It is well established that a COA may be issued "only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997). This standard is "materially identical" to that governing certificates of probable cause under the former 28 U.S.C. § 2253. *Hardwick,* 126 F.3d at 1313. In the context of certificates of probable cause, the Supreme Court defined the requirement of "a substantial showing of the denial of a federal right" to mean that the applicant must raise an issue that is debatable among jurists of reason. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

> "In requiring a 'question of some substance,' or a 'substantial showing of the denial of [a] federal right,' obviously the petitioner need not show that he should prevail on the merits. . . . Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Id.* (citations omitted). More recently, the Supreme Court echoed this interpretation in the context of a COA, opining that § 2253's "substantial showing" requirement means that a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (adopting and applying *Slack* standard). Where a district judge rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338.

The Court has carefully reviewed the April 25, 2007 Order in its entirety through the prism of the standards outlined in § 2253(c)(2) and *Slack* for issuance of a COA. After doing so, it is the conclusion of this Court that reasonable jurists could not debate whether Lloyd's § 2255 petition should have been resolved in a different manner. Given the bountiful evidence at sentencing that Lloyd in fact unlawfully restrained his victim in connection with the firearm charge to which he pleaded guilty, no reasonable debate could ensue over whether it was constitutionally defective performance for Lloyd's attorney not to object that the facts did not amount to "unlawful restraint" for purposes of the § 2A4.1 cross reference, or whether Lloyd

was prejudiced by counsel's failure to do so.   Moreover, the uniformity of authorities deeming post-sentencing rehabilitation not to constitute a viable ground for § 2255 relief is fatal to that ground for Lloyd's petition, and could not be debated by reasonable jurists.  Accordingly, Lloyd's asserted grounds for relief are wholly inadequate to deserve encouragement to proceed further, and cannot merit issuance of a COA.

### III.    Conclusion.

For the foregoing reasons, petitioner's Motion for Certificate of Appealability (construed from doc. 49) is **denied**.

DONE and ORDERED this 11th day of June, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE